UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Milestone Engineering &
Construction, Inc.,
      Plaintiff

      v.                                Case No. 13-cv-198-SM
                                        Opinion No. 2013 DNH 171
Fire Equipment, Inc., and
Everest Indemnity Ins. Co.,
      Defendants


**O R D E R**

Plaintiff, Milestone Engineering & Construction, Inc. ("Milestone"), brings this suit against Fire Equipment, Inc. ("Fire Equipment") and its liability insurer, Everest Indemnity Insurance Company ("Everest"). Before the court is Everest's motion to dismiss the sole count against it for failure to state a claim, document no. 17.


**Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be denied where the complaint alleges "facts sufficient to establish a 'claim to relief that is plausible on its face.'"  Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008)).  In assessing plausibility, the court must "isolate and ignore

statements in the complaint that simply offer legal labels and conclusions" and accept as true all "non-conclusory" and "non-speculative" facts, "drawing all reasonable inferences in the pleader's favor." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

## Discussion

Milestone subcontracted with Fire Equipment for the installation of a fire suppression system at the offices of Milestone's customer, Lindt & Sprungli (USA) Inc. ("Lindt"). In the performance of its subcontracted services, Fire Equipment allegedly damaged Lindt's IBM server and related equipment. Milestone compensated Lindt for the damage. Milestone brought this suit against Fire Equipment for breach of contract, breach of implied warranty, and negligence seeking reimbursement for the money it paid to Lindt. Milestone named Fire Equipment's liability insurer, Everest, as an additional defendant.

In the sole count against Everest, the amended complaint alleges that Everest "furnished a liability insurance policy" to Fire Equipment promising "to indemnify [Fire Equipment] against and pay for all damages for which" Fire Equipment has become "liable as a result of its operations." Am. Cmplt., doc. no. 11, at 3-4. The complaint alleges that Milestone is "an intended

third party beneficiary" of that insurance policy.  The complaint also alleges that "Everest has conceded liability, although not the amount of damages."  Id. at 4.

Although not entirely clear from the complaint or Milestone's brief, it appears that Milestone is asserting that it may sue to enforce Everest's promise to pay because it has third-party beneficiary status for two reasons: (1) it is an "intended" third-party beneficiary; and (2) Everest has admitted Fire Equipment's liability.  Everest argues that the claim must be dismissed because Milestone does not plausibly allege either of these circumstances.

    A.    <u>Milestone as Intended Beneficiary of the Insurance Policy</u>

A third-party is a beneficiary of a contract where the parties to the contract "intended [it] to have that right." <u>Brooks v. Trustees of Dartmouth College</u>, 161 N.H. 685, 697 (2011) (internal quotation marks and citation omitted).  Importantly, the "fact that a third party is to receive some benefit through the performance of the contract does not make that party a third-party beneficiary."  Id. at 698.

As noted, the only allegation in the amended complaint regarding third-party beneficiary status is the general statement

3

that Milestone is "an intended third party beneficiary" of the insurance contract. Am. Cmplt., doc. no. 11, at 4. Assuming, without deciding, that "New Hampshire . . . treat[s] third-party beneficiary status as a question of fact," Contour Design, Inc. v. Chance Mold Steel Co., Ltd., 794 F. Supp. 2d 315, 325 (D.N.H. 2011) (Laplante, J.), Milestone's allegation falls short.[1] Everest submitted the insurance policy as an exhibit to its motion, and because the policy is "central to plaintiff['s] claim" against Everest, the "court may properly consider [it] . . . without converting defendant['s] motion into one for summary judgment." Miller v. Nationstar Mtg., LLC, 2012 WL 3639055, at *1 (D.N.H. Aug. 14, 2012) (internal quotation marks and citation omitted). Nothing in the policy suggests that Everest and Fire Equipment intended Everest's contractual promises to be enforceable by and for the benefit of Milestone, or in general by tort claimants such as Milestone. That is, the insurance contract does not support the amended complaint's general allegation that Milestone is an intended third-party beneficiary. See Animal Hosp. of Nashua, Inc. v. Antech

---

[1] Most courts "treat third-party beneficiary status as a question of law." Contour, 794 F. Supp. 2d at 325. The issue, however, is unsettled in New Hampshire. Id. Even if this court were to treat third-party beneficiary status as a legal question, the court cannot accept Milestone's conclusory allegation as true because bare legal allegations must be "ignore[d]." Schatz, 669 F.3d at 55.

Diagnostics, 2012 WL 1801742, at *4 (D.N.H. May 17, 2012) (on motion to dismiss, "general allegation" may be undermined by "contradict[ory] ... specific factual allegations") (citing Carrol v. Xerox Corp., 294 F.3d 231, 243 (1st Cir. 2002)).

The amended complaint does not plausibly allege that Milestone is an intended third-party beneficiary of the insurance contract.

### B. Everest's Alleged Admission of Liability

Milestone argues that it has third-party beneficiary status on the alternative ground that Everest has conceded Fire Equipment's liability, relying on Shaheen v. Preferred Mutual Ins. Co., 668 F. Supp. 716, 718 (D.N.H. 1987). In Shaheen, plaintiffs sued their alleged tortfeasor's indemnity insurer claiming, among other things, that the insurer had breached its obligation of good faith and fair dealing to the insured when it failed to settle plaintiffs' claims. The court held that plaintiffs could maintain a direct action under a third-party beneficiary theory if they could properly allege that there had been "an explicit admission of [the insured's] liability or a judicial determination of same." Id. at 719. Finding that plaintiffs had not alleged either of these circumstances, the

court dismissed the claim. See id. at 718-19 (relying on Burke v. Fireman's Fund Ins., Co., 120 N.H. 365, 367 (1980)).

Everest does not quarrel with the proposition that Milestone may bring a direct action under the policy if Everest conceded Fire Equipment's liability to Milestone. It argues, however, that the amended complaint does not plausibly alleged that conversion.

The amended complaint simply declares that "Everest has conceded liability, although not the amount of damages." Am. Cmplt., doc. no. 11, at 4. Contending that the allegation is plausible, Milestone submitted an email as an addendum to its brief which purports to establish Everest's concession. See doc. no. 15. Everest says the email is taken out of context. As noted, in ruling on a motion for judgment on the pleadings, the court may consider materials outside the pleadings that are central to the complaint without converting the motion to one for summary judgment. See Miller, 2012 WL 3639055, at *1. The email was not made part of the complaint and is not central to it. Under these circumstances, the court will not consider the email, or for that matter, Everest's proffered explanation regarding the context of the email. What is left, then, is the amended complaint's unadorned allegation that Everest has conceded liability.

The court must accept the allegation as true for purposes of the present motion. It is not a bare legal conclusion, nor is it a circumstantial fact giving rise to inferences, the reasonableness of which the court must assess.  Everest may press its argument that the allegation "mischaracterizes the factual background in this case" on a motion for summary judgment, or at trial, but not at this procedural juncture.  Milestone is reminded, of course, of its obligation under Rule 11 to allege only those "factual contentions [that] have evidentiary support." Fed. R. Civ. P. 11 (b)(3).

For these reasons, the amended complaint states a claim against Everest.

## Conclusion

Everest's motion to dismiss, doc. no. 17, is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 13, 2013

cc:  Frank P. Spinella, Jr., Esq.
     Elsabeth D. Foster, Esq.
     Michael P. Johnson, Esq.
     Gillian A. Woolf, Esq.